IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Felix M. Whren, ) | C/A No.: 1:23-269-SAL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND NOTICE |
| United States of America, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Felix M. Wren ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against the United States seeking injunctive relief. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

Plaintiff is detained in the Kershaw County jail and alleges he and his peers are being deprived of their civil rights. [ECF No. 1 at 3]. Specifically, he complains that he is being held without bond:

> In my jailhouse pod there are 11 men who are all being held without bond only 2 of which are white men. [T]he rest are of ethnicity their charges vary from drug possession to murder and rape. What they all have in common is their inability to bond out. Despite that 9 of the 11 men in my pod are black or brown is despicable.

*Id.* (errors in original). He requests monetary damages and for the Department of Justice to conduct an investigation.

II.  Discussion

    A.  Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a

claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

  B.  Analysis

    1.  Claims of Other Inmates

As a pro se inmate, Plaintiff is not qualified to assert a claim on behalf of others. *See Myers v. Loudoun Cnty. Pub. Schls.*, 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court. . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); *Hummer v. Dalton*, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners").

    2.  Investigation by Department of Justice

To the extent the Complaint seeks relief in the manner of criminal investigations, Plaintiff does not have standing or authority to bring criminal charges by filing a civil lawsuit. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Harris v. Salley*, 339 F. App'x 281 (4th Cir. 2009) ("Harris does not have a constitutional right to

institute criminal proceedings against Salley or to sue the defendants for failing to use their authority to do so.").

### 3. No Claims Against Defendant

Although he has sued the United States, Plaintiff's claims are not against the United States, any federal agent, or agency. Rather it appears he is alleging a conspiracy by the Kershaw County Jail, the courts, and the State of South Carolina. As such, Plaintiff' has not alleged facts sufficient to support a claim against the United States.

### 4. Bond

Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971); *Nivens v. Gilchrist*, 319 F.3d 151, 158–62 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). Further, federal district courts should abstain from considering constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc.*, 887 F.2d at 52. Here, Plaintiff can properly present his constitutional claims in his state criminal proceeding.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **March 1, 2023**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend the district judge dismiss the complaint without leave for further amendment.

IT IS SO ORDERED.

February 8, 2023  
Columbia, South Carolina

*Shiva V. Hodges*  
Shiva V. Hodges  
United States Magistrate Judge